Keating J.
(concurring). I am constrained to concur in the result reached by the majority. My vote for affirmance, however, is not based upon any fear of creating a new cause of action or the fact that the child was not in being when the alleged tortious act occurred or upon what I consider to be a misguided fear of the possible ramifications of a decision permitting recovery.
What troubles me about this case is what one commentator has described as the “ logico-legal ” difficulty * of permitting recovery when the very act which caused the plaintiff’s birth was the same one responsible for whatever damage she has suffered or will suffer.
Damages are awarded in tort cases on the basis of a comparison between the position the plaintiff would have been in, had *485 the defendant not committed the acts causing injury, and the position in which the plaintiff presently finds herself. The damages sought by the plaintiff in the case at bar involve a determination as to whether nonexistence or nonlife is preferable to life as an illegitimate ’ with all the hardship attendant thereon. It is impossible to make that choice.
The measure of damage which she is really seeking is based upon a comparison of the position she finds herself now and the position she would have been in, had she been born legitimately. Quite obviously, that is an unwarranted comparison here, for, had the State acted responsibly, she would not have been born legitimately — she would not have been born at all.
Since it is impossible to determine the damage for which the State is responsible or, for that matter, to determine whether the defendant caused her any injury at all, I do not see how this action can be maintained.
For this reason I vote to affirm.
Judges Fuld, Van Vooíihis, Bubkb, Scileppi and Bebgak concur with Chief Judge Desmond; Judge Keating concurs in a separate opinion.
Order affirmed.

 Tedesclii, On Tort Liability For “ Wrongful Life ”, 1 Israel L, Rev. (No. 4) at p. 1.